## SCOTT v. JACOBS et al.

No. 3361.  Opinion Filed March 24, 1914.

(140 Pac. 148.)

INDIANS—Creek Allotments—Descent and Distribution. Where on August 16, 1899, a duly enrolled citizen of the Creek Nation died at the age of two years, before receiving her allotment, leaving her surviving, a father and a sister, born, not of the father, but of the same mother, all citizens of the Creek Nation, held, the Creek law of descent and distribution governed the devolution of the allotment, as directed by section 28 of the Original Agreement ratified May 25, 1901 (Act March 1, 1901, c. 676, 31 St. at L. 870), and that the father as the "nearest relation" inherited the land in fee, to the exclusion of the half-sister.

(Syllabus by the Court.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by Agnes Scott against John A. Jacobs and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Lewis C. Lawson,* for plaintiff in error.

*Mann, Rogers & Harris,* for defendants in error.

TURNER, J. On September 27, 1909, in the district court of Hughes county, Agnès Scott, by her guardian, sued John A. Jacobs, Barney Tiger, Samuel G. Start and Mary E. Start to clear her title to 160 acres of land, known as the allotment of Leona Tiger, alleging herself to be the sole heir of said Leona, who was deceased. Pending the litigation in the trial court, Agnes Scott died, and the cause was revived in the name of her executor. Later, Samuel G. Start died, and the cause was thereupon revived against May E. Start, his administratrix. There was trial to the court upon agreed statement of facts, and judgment rendered for defendants, and plaintiff brings the case here.

The facts are that Leona Tiger, a duly enrolled citizen of the Creek Nation, on August 16, 1899, died at the age of two years, and before receiving her allotment, leaving her surviving, her father, Barney Tiger, and the plaintiff, Agnes Scott, a half-sister, or the child of her deceased mother, Fannie Scott, by a former husband—all duly enrolled citizens of the Creek Nation; that on November 18, 1901, certificate of allotment was issued to Leona, and, on July 25, 1904, a patent to her heirs; that on September 29, 1906, conceiving himself to be her sole heir under the Creek laws of descent and distribution, which it is agreed govern the devolution of this allotment, her father sold, and by warranty deed conveyed, the land to defendant John A. Jacobs, who, later, in the same manner, conveyed it to defendants, Samuel G. and Mary E. Start. It is assigned that the court erred when he applied the law to the facts stated, and held that Barney Tiger was the sole heir of the allottee, and, as such, his grantees were entitled to the land. Not so; as Leona Tiger was enrolled and died before receiving her allotment, she died seized of no inheritable estate therein (*Sanders v. Sanders,* 28 Okla. 59, 117 Pac. 338), and as no *res* existed for the law to take hold of

until November 18, 1901, the date of her certificate of allotment (*Brady v. Sizemore et al.*, 33 Okla. 169, 124 Pac. 169), and as this was intermediate the date of the ratification of the Original and Supplemental Creek Agreements, counsel are right when they say that the Creek laws of descent and distribution govern the devolution of this allotment, being directed to apply by section 28 of said Original Agreement, ratified May 25, 1901, *supra*. At the time of the creation of the *res* the law provided, section 6:

"Be it further enacted that if any person die without a will, having property and children, the property shall be equally divided among the children by disinterested persons, and in all cases where there are no children, the nearest relation shall inherit the property."

At that time, her mother having died before her, that her father was her "nearest relation," within the contemplation of said section, is no longer an open question in this jurisdiction. *De Graffenreid v. Iowa Land & Trust Co.*, 20 Okla. 687, 95 Pac. 624; *Barnett v. Way et al.*, 29 Okla. 780, 119 Pac. 418; *Hooks v. Kennard*, 28 Okla. 457, 114 Pac. 744. Affirmed.

All the Justices concur.