## BIGPOND *et al.* v. PEOPLE'S BANKING & TRUST CO. *et al.*

No. 5268. Opinion Filed September 14, 1915.

Rehearing Denied November 17, 1915.

(151 Pac. 849.)

INDIANS—Descent and Distribution—Allotted Lands. Lands allotted under the provisions of section 28 of an act of Congress of March 1, 1901 (31 Stat. 870, c. 676), in the name of a Creek citizen who died intestate and without issue before receiving his allotment, descend to his heirs according to the laws of descent and distribution of the Creek Nation, and, where both parents are alive at the time of descent cast, are inherited by the mother, as the nearest relation to the exclusion of the father.

(Syllabus by Bleakmore, C.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Action by Susie Bigpond and others against the People's Banking & Trust Company, a corporation, and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

*C. F. McMullan,* for plaintiffs in error.

*Geo. S. Ramsey, Edgar A. De Meules,* and *Malcolm E. Rosser,* for defendant in error People's Banking & Trust Company.

*Roger Sherman, James A. Veasey,* and *A. A. Davidson,* for defendant in error Quaker Oil & Gas Co.

Opinion by BLEAKMORE, C. This is an action for the recovery of an undivided one-half interest in certain lands and the proceeds of one-half of the oil and gas produced therefrom, commenced in the district court of Creek county, on December 9, 1912, by the plaintiffs in error, as plaintiffs, against the defendants in error, as defendants. Demurrer to the petition was sustained, and, plaintiffs electing to stand thereon, judgment was rendered dismissing the cause. This judgment is presented for review by the present proceeding in error.

In the petition it is alleged, in substance, that the land in question was by virtue of the Original Creek Agreement, approved by act of Congress of March 1, 1901, allotted in the name of one Ella Bigpond, a full-blood Creek Indian citizen, on October 9, 1901, allotment certificate being issued therefor; that said Ella Bigpond died unmarried and intestate on the 11th day of July, 1900; that thereafter on August 8, 1906, said land was conveyed by patent duly issued by the Principal Chief of the Creek Nation to her heirs; that Ella Bigpond was the child of John and Sissie Bigpond, both duly enrolled citizens of the Creek Nation, who at the time of her birth were married and living together as husband and wife under the customs of said nation; that said Ella Bigpond left surviving as her only heirs at law and nearest relations her father, John Bigpond, and her mother, Sissie Bigpond; that after the death of said Ella Bigpond her said father and mother separated, and were divorced under the laws of the Creek Nation, and that thereafter her father, John Bigpond, was lawfully married to the plaintiff, Nancy Bigpond (now Nancy Harry), of which

union were born the other plaintiffs, Susie, Anderson, and Kistler Bigpond; that by the laws of the Creek Nation in force at the time of the death of said Ella Bigpond said land was inherited by her father and mother, John Bigpond and Sissie Bigpond, in equal parts; that said John Bigpond died intestate, about December 9, 1910, whereupon his undivided share in said land, under the laws of the State of Oklahoma, descended to and vested in the plaintiffs, his surviving widow and children; that defendant the People's Banking & Trust Company is the owner of the other undivided one-half interest in said property, and had leased the whole of said land to the defendant the Quaker Oil & Gas Company for oil and gas mining purposes.

The equitable title to the lands in controversy vested in the heirs of the allottee, Ella Bigpond, according to the Creek law of descent and distribution. *Barnett v. Way,* 29 Okla. 780, 119 Pac. 418; *de Graffenried v. Iowa L. & T. Co.,* 20 Okla. 687, 95 Pac. 624; *Woodward v. de Graffenried,* 36 Okla. 81, 131 Pac. 162; *Id.,* 238 U. S. 284, 35 Sup. Ct. 764, 59 L. Ed. 1310. That portion of the Creek law under which descent was cast in the instant case provides:

"Be it enacted that if any persons die without a will, having property and children, the property shall be equally divided among the children by disinterested persons, and in all cases where there are no children, the nearest relation shall inherit the property."

The question determinative of the correctness of the action of the trial court in sustaining the demurrer, viz., whether upon the death of Ella Bigpond, by virtue of the Creek law, *supra,* the lands in suit allotted in her name were inherited by her mother as the nearest relation, to

the exclusion of her father, John Bigpond, through whom plaintiffs claim title, has long been settled in this jurisdiction. This court, speaking through Mr. Justice Turner, in *de Graffenried v. Iowa L. & T. Co.*, *supra*, after a comprehensive historic resume of Creek tribal customs and laws relative to descent and distribution, held that by virtue of the provisions of the Creek law above quoted a similar estate was cast upon the mother to the exclusion of the father. In *Irving et al. v. Diamond*, 23 Okla. 325, 100 Pac. 557, it was said:

"The facts out of which the controversy grows are substantially as follows: Edward Irving was born on the 26th day of December, 1895, and died intestate on the 16th day of August, 1900. He was duly enrolled by the Dawes Commission upon the freedmen roll of the Creek Nation, and after his death, and on October 6, 1902, there was allotted in his name and a deed or patent executed to the tract of land above described. At the time of his death there survived him his father, George Irving, his mother, Mary Irving, and six brothers and sisters, four of whom are the plaintiffs in error, and who were minors, and two of whom had attained their majority at the time of this action. Mary Irving, the mother of said Edward Irving, died intestate on the 26th day of September, 1902, leaving surviving her a husband and the children above noted as the only issues of her body. The father of the deceased, Edward Irving, the husband of Mary Irving, and the two children who had attained their majority, conveyed the land mentioned by a series of conveyances, to Wallace D. Diamond, plaintiff in the court below, and, as above stated, the court, in partitioning the same at his suit, recognized his absolute title to two-thirds of the same. It is contended on the part of plaintiffs in error that the land in its entirety was inherited by the mother on the death of the allottee, and that on her death it was inherited by her children, and that the deed of the father

conveyed no title to Diamond. This contention we believe to be correct."

And in the syllabus it was held:

"The land allotted to a dead minor Creek freedman, who was living on the 1st day of April, 1899, and who died without issue, descended to his mother as his nearest relation, according to the laws of descent and distribution of the Creek Nation."

In *Wesley et al. v. Diamond,* 26 Okla. 170, 109 Pac. 524, it was said:

"The plaintiffs are husband and wife, and allege in their petition that they are Creek citizens, and that on March 13, 1899, there was born to them a child, which was duly enrolled as a Creek citizen; that thereafter there was allotted to the heirs of said child a certain tract of land, which is described, the title of which is involved in this case. Plaintiffs allege that on the 2d day of October, 1906, being of the opinion that they each owned an undivided one-half interest in this land, Mary Ann Wesley sold and conveyed for a consideration of $600 her assumed one-half interest therein to the defendant Diamond, but aver that the deed executed and delivered was not signed or acknowledged privily and apart from her husband. * * * There is but one count in the petition, and whether as a whole as filed, or as it is proposed to be altered, it states a cause of action, is a matter not before us for determination; nor do we consider or pass upon it, but will assume that it does, to the extent necessary for the discussion which follows. It is clear, however, from the allegations, that the title to the land involved in its allotment vested in the mother as the nearest relation to the deceased child. *Irving v. Diamond,* 23 Okla. 325, 100 Pac. 557. This being true, the father had no interest whatever that he could convey, and his attempted conveyance in both of his deeds was a nullity."

In *Barnett et al. v. Way, supra,* speaking to the point here involved, the court said:

"The parents are nearer of kin than brothers and sisters. 4 Kent (13th Ed.) p. 395. Of them, the mother is nearer than the father, within the meaning of the Creek law."

Thus it will be seen that the entire estate of the deceased allottee in the land in question was cast upon and inherited by her mother, Sissie Bigpond. The father, John Bigpond, did not inherit; and, as his heirs, plaintiffs took no part of the lands in controversy.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.