**HANEY et al. v. ANDERSON et al.**

No. 9971—Opinion Filed Dec. 17, 1918.

Rehearing Denied Feb. 4, 1919.

(178 Pac. 120.)

(Syllabus.)

### Indians—Allotment—Inheritance—Statute.

Lands allotted under the provisions of section 28, of an act of Congress of March 1, 1901 (31 Stat. at L. 870, c. 676), in the name of a Creek citizen, who died intestate and without issue before receiving his allotment, descend to his heirs according to the law of descent and distribution of the Creek Nation; and, where the allotee left neither father nor mother, brothers nor sisters, nor issue surviving, but left surviving him a brother of his mother and a brother and two sisters of his father, held, that the mother's brother is the nearest relation within the meaning of the Creek law, and inherited the allotment of the decedent to the exclusion of the paternal uncle and aunts.

Sharp, C. J., and Miley, J., dissenting.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Emma Haney and others against Albert Anderson and others. Demurrer to petition sustained, and plaintiffs bring error. Affirmed.

R. D. Howe, for plaintiffs in error.

Geo. C. Beidleman, for defendants in error.

RAINEY, J. Emma Haney, Lumsey Deere, Amie Deere, and Kelly Deere, by C. O. White, guardian, and Sumsey Deere, Bama Bear, and Sallie Hill, by John Hill, guardian, as plaintiffs, instituted this action in the district court of Okmulgee county, against the defendants, Albert Anderson, Henry Barney, Charles E. Meyers, Robert Kelly, and Sukey Kelly, to recover a tract of land in said county, to which petition defendants demurred, and, the demurrer having been sustained by the trial court this proceeding in error was commenced to reverse said order.

The land in controversy is the allotment of one Isaac Deere, a full-blood Creek Indian, duly enrolled as such, who died some time during the month of October, 1900. after the selection of his. allotment, but before issuance of certificate of allotment, which was thereafter issued on the 16th day of June, 1902. The petition alleges that at the time of his death the said Isaac Deere left neither father nor mother. brothers nor sisters, wife nor children, but left the following relatives: Noah Deere, Susie Polokee, and Emma Haney, who were uncle and aunts on the paternal side, and Robert Kelly, an uncle on the maternal side, and that subsequent to the death of Isaac Deere, Noah Deere and Susie Polokee died intestate, leaving as their heirs certain minor children, who appear in this action by their guardians.

It is conceded by all parties that the devolution of the allotment of Isaac Deere is governed by the Creek law of descent and distribution, and the sole question presented is whether the mother's brother inherited the allotment of Isaac Deere, deceased, to the exclusion of the brother and sisters of the father or jointly with them.

The applicable section of the Creek law of descent and distribution is as follows:

"Sec. 58. Be it further enacted that if any person die, without a will, having property and children, the property shall be equally divided among the children by disinterested persons and in all cases where there are no children, the nearest relation shall inherit the property."

Under this law of descent this court has

repeatedly held that, as between the Creek father and mother of a deceased allottee, the mother is the nearest relation. De Graffenreid et al. v. Iowa Land & Trust Co., 20 Okla. 687, 95 Pac. 624; Irving et al. v. Diamond, 23 Okla. 325, 100 Pac. 557; Wesley et al. v. Diamond et al., 26 Okla. 170, 109 Pac. 524; Barnett et al. v. Way et al., 29 Okla. 780, 119 Pac. 418; Bigpond et al. v. People's Bank & Trust Co., 52 Okla. 504, 151 Pac. 849. But it has also been held that the inheritance is not restricted to the maternal line, and that where the decedent left no mother living the father was the nearest relation. Barnett et al. v. Way et al., supra; Scott v. Jacobs et al., 40 Okla. 522, 140 Pac. 148.

It is very earnestly insisted that the rule announced in the De Graffenreid Case, supra, —that the mother inherits to the exclusion of the father—is not sound, and should not be followed. Strong reasons have been given in this case, and also in the case of Renfro v. Olentine et al., 72 Okla. 63, 178 Pac. 119, supporting plaintiff in error's view, and the writer of this opinion is free to admit that he entertains grave doubts as to the correctness of the rule announced in the De Graffenreid Case. But for the reasons stated in the case of Renfro v. Olentine et al., supra, we have decided that the decision in the De Graffenreid Case has become a rule of property, and should not be departed from at this late day.

Now, in the instant case, there being no father nor mother living at the time of the death of the decedent, who was his nearest relation within the meaning of the Creek law of descent, Robert Kelly, his maternal uncle or Noah Deere, Susie Polokee, and Emma Haney, the paternal uncle and aunts, respectively? But for the rule announced in the De Graffenreid Case we should say that they were related in the same degree and inherited the allotment jointly. but when we take as well settled and binding the proposition that the mother is nearer relation than the father as a premise, it seems to logically and inevitably follow that. in whatever degree or fraction thereof the mother is nearer related to the decedent than is the father the brother of the mother is just that much nearer related to said decedent than are the brother and sisters of the father

Entertaining this view, we concur with the trial court that the said Robert Kelly, the maternal uncle, inherited the allotment of Isaac Deere to the exclusion of the paternal uncle and aunts, and the judgment of the trial court is therefore affirmed.

KANE, OWEN, HARDY, TISINGER, and BRETT, JJ., concur.

TURNER, J., concurs in the conclusion.

SHARP, C. J., and MILEY, J., dissent.