## KELLY et al. v. McRAY.

No. 16990—Opinion Filed Sept. 21, 1926.

Rehearing Denied Nov. 23, 1926.

### Indians—Devolution of Creek Allotments—Inheritance by Maternal Kin to Exclusion of Paternal Kin.

In this jurisdiction, under the decided cases construing the Creek law of descent and distribution, the Creek mother is held to be of nearer relation to the children than the father: and that the maternal kin is closer relation than the paternal kin of the same degree; hence, in this case, under the Creek law of descent, the maternal half-sister and half-brother inherit the allotment of a deceased maternal half-brother, to the exclusion of paternal half-brothers of the allottee.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Wadley Kelly et al. against Robert McRay. Judgment for defendant, and plaintiffs bring error. Affirmed.

E. J. Van Court, for plaintiffs in error.

Frank L. Montgomery, for defendant in error.

Opinion by JONES, C. This suit was instituted by the appellants, as plaintiffs, against appellee, as defendant, in the district court of McIntosh county, to recover certain land, being the allotment of a full-blood citizen of the Creek Nation, who died intestate and unmarried, leaving surviving him no descendents, father or mother, but only Mandy Mitchell, a maternal half sister, Wiley Coonhead, a maternal half-brother, and the plaintiffs, appellants here, Sam Kelly and Wadley Kelly, paternal half-brothers. It is agreed that the descent is cast under the Creek law, and the only questions for our determination are, Who is the nearest relation? and whether the inheritance goes to the maternal kindred to the exclusion of the paternal kindred.

Upon the trial of the case, the court held

in favor of the defendant—the maternal heir —and against the plaintiffs, the paternal heirs. Section 6 of the Creek Statute provides (See Mills on Lands of the Five Civilized Tribes, p. 243):

"Be it further enacted that, if any person die without a will, having property and children, the property shall be equally divided among the children by disinterested persons, and in all cases where there are no children, the nearest relation shall inherit the property."

This court in the case of De Graffenried et al. v. Iowa Land & Trust Co.. 20 Okla. 087, 95 Pac. 624, held that the nearest relation under the Creek statute was the mother, and this rule has been followed by this court in the case of Renfro v. Olentine et al., 72 Okla. 63. 178 Pac. 119. wherein it was held in the syllabus thereof:

"Lands allotted, under the provisions of section 28 of an Act of Congress of March 1, 1901 (31 Stat. at L. 870, c. 676), in the name of a Creek citizen who died intestate and without issue before receiving his allotment, descend to his heirs according to the law of descent and distribution of the Creek Nation; and, where both parents are alive at the time of descent cast, are inherited by the mother as the 'nearest relation,' to the exclusion of the father."

And in Haney et al. v. Anderson et al., 72 Okla. 62. 178 Pac. 120, which appears to us to be a very similar case to the instant case, this court held:

"Lands allotted under the provisions of section 28, of an Act of Congress of March 1, 1901, (31 Stat. at L. 870, c. 676), in the name of a Creek citizen, who died intestate and without issue before receiving his allotment, descend to his heirs according to the law of descent and distribution of the Creek Nation; and, where the allottee left neither father nor mother, brothers nor sisters, nor issue surviving, but left surviving him a brother of his mother, and a brother and two sisters of his father. held, that the mother's brother is the nearest relation within the meaning of the Creek law, and inherited the allotment of the decedent to the exclusion of the paternal uncle and aunts."

The same rule has been followed in the case of Bilby et al. v. Harrison et al., 100 Okla. 67. 227 Pac. 407. and in the first paragraph of the syllabus the court held:

"In this jurisdiction. under the decided cases construing the Creek law of descent and distribution, the Creek mother is held to be of nearer relation to the child than is the father; and that the. maternal kin is closer relation than the paternal kin of the same degree. based upon the premise that the father and mother are of equal degree of kin to the offspring."

Following these authorities the judgment of the trial court should be and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See 31 C. J. p. 524, §96.