RUSSELL *et al.*, *Plaintiffs in Error*, v. GLASSER *et al.*

1.  **Ejectment**: ADMISSIONS IN PLEADINGS. A plaintiff in ejectment
    need not introduce in evidence the deeds constituting his chain of
    title where the same stand admitted on the pleadings.

2.  **Practice in Supreme Court**: OBJECTIONS TO EVIDENCE. A
    party, on whose objection evidence has been excluded in the trial
    court, will, in the Supreme Court, be limited to the objection made
    in the lower court.

*Appeal from Morgan Circuit Court.*—HON. E. L.
EDWARDS, Judge.

REVERSED AND REMANDED.

*A. W. Anthony* for plaintiffs in error.

( 1 )   The answer of Sherer admitted the conveyance
of the land in suit to Lucy B. Russell, giving dates, etc.,
and the prefix "pretended" has reference alone to the
alleged infancy and validity of the deed from James H.
to Wm. Chapman.   The objections made to the record
show this.   The existence of the deeds and their validity
was not questioned.   The objection was to the record as
evidence, and that, being a record, it was not competent.
The answer must admit or deny ; and what is not denied
unqualifiedly, stands admitted.   R. S., secs. 3521, 3587,
3589.   ( 2 )   The record of the deeds was admissible.
R. S., sec. 694.   Plaintiffs were not presumed to
have in their possession the deed from Jas. H. Chapman
to William Chapman, nor from William Chapman to C.
H. Tyler ; and were not required to account for them.
*Barton v. Murrain,* 27 Mo. 238, 239.   These deeds were
the first offered in evidence and the record excluded.

(3) The demurrer to the evidence ought not to have been allowed, or given, for reasons stated in the motion for new trial, as there was evidence in the pleadings. The court erred in taking the case from the jury. *Brewington v. Jenkins*, 85 Mo. 57.

*B. R. Richardson, J. E. Hazell, N. K. Chapman* and *Cosgrove & Johnston* for defendants in error.

(1) The plaintiffs under the pleadings had to make out their case. There were no admissions in the answers of defendants which relieved them from this necessity. The *onus probandi* was upon them. *Ledbetter v. Ledbetter*, 88 Mo. 60; *Sturdevant v. Renard*, 60 Mo. 152. (2) The records of the deeds were properly excluded. They were not competent or proper unless the original deeds were shown to be lost or destroyed and the plaintiffs' inability to produce them, as is required by the statute of this state. R. S., secs. 696, 697, and 705; *Barton v. Murrain*, 27 Mo. 235; *Pope v. Mooney*, 40 Mo. 104; *Crispen v. Hannovan*, 50 Mo. 415; *Hoskinson v. Adkins*, 77 Mo. 539. (3) The "certified copy of the last will and testament of Lucy B. Russell" was properly excluded by the court, because it was not made competent by the statutes. Section 3990 provides that every will, proved according to the provisions of this chapter, recorded and certified by the clerk of the court, and attested, etc., may be read in evidence. Section 3990 provides that " the record of any will made, proved, and recorded as aforesaid, and the exemplification of such record by the clerk of the probate court, in whose custody the same may be, shall be received in evidence," etc. There is no provision of statute making "a certified copy" of a last will and testament evidence, and the court did not commit error in excluding the certified copy of the paper alleged to be the last will of Lucy B. Russell.

RAY, J.—This is an action of ejectment by plaintiffs to recover from defendants the possession of the land described in the amended petition, which is in the ordinary and usual form.

The separate answer of defendant, Sherer, who was made a party defendant upon his own motion, denies each and every allegation of the amended petition, not thereinafter expressly admitted, and denies specifically that plaintiffs were entitled to the possession of the described premises at the date named, or at any other date, and that defendants afterwards entered into such possession, and unlawfully withholds the possession from plaintiffs. Further answering the amended petition defendant, Sherer, says, "that, on the fourth day of October, 1856, one James H. Chapman owned and possessed said above-described real estate, and that, on the date last aforesaid, the said James H. Chapman and his wife pretended to convey the same to his brother, William Chapman, Jr., who attempted, on the seventeenth day of May, 1860, to sell the same to one C. H. Tyler, who afterwards, to-wit, on the twenty-ninth day of August, 1862, attempted to convey to one Lucy B. Russell; that the said James H. Chapman, at the time he made said pretended conveyance to his brother, William, as aforesaid, was a minor, under the age of twenty-one years, and that, after making said pretended conveyance, he remained in possession of said land, and continued to occupy and exercise acts of ownership over the same, until the fifteenth day of February, 1868, thereby disaffirming his said deed made during his minority; that, when he sold the same to one C. H. O'Neil, said C. H. O'Neil owned and occupied said land until the twenty-eighth day of May, 1869, when he sold and conveyed the same to the defendant, Jacob Sherer, who owned and occupied the same until the fifth day of June, 1873, when he sold and conveyed the same to the

defendant, Martin Glasser, who has ever since owned and occupied said land, and who now has possession and exercises acts of ownership over the same." The answer also sets up the statute of limitations, which it is not necessary in this case to further notice.

Defendant, Glasser, in his separate and amended answer to the amended petition, denies each and every material allegation therein contained, except as thereinafter expressly admitted. Further answering, he admits that he purchased the land in controversy from Jacob Sherer, in June, 1873, and that he has remained in possession ever since, and was in possession at the commencement of the action, and that he has no other title to the premises than as grantee of his co-defendant, Sherer.

The reply to the separate answer of defendant, Sherer, admits that James H. Chapman, on the fourth day of October, 1856, owned the real estate described in the petition, and that he and his wife conveyed the same to his brother, William Chapman, and that William Chapman and wife, on the seventeenth day of May, 1860, conveyed the same to C. H. Tyler, and that Tyler and wife, in 1862, conveyed to Lucy B. Russell, but denied each and every other allegation contained in said answer. The reply also states that these several conveyances were all duly executed, acknowledged, and recorded, the deed from James H. Chapman to William Chapman being recorded October 5, 1856, and the deed from William Chapman to Tyler, June 21, 1860, and said deed from Tyler to Lucy B. Russell (the plaintiffs being her legal heirs), September 22, 1862. The reply to the separate answer of defendant, Glasser, was the general denial, except as to the allegations and admissions therein, that Glasser was in possession when the suit was brought.

The cause coming on for trial before the court and jury, plaintiff offered to read in evidence the records of said various deeds from James H. Chapman and wife to

Wm. Chapman, and from Wm. Chapman and wife to said Tyler, and from said Tyler and wife to Lucy B. Russell, which were all objected to upon the grounds that the record was not the best evidence; that the originals should be produced, or their absence accounted for, which said objections were sustained and all of the said records excluded. A certified copy of the last will and testament of said Lucy B. Russell, devising the real estate in suit to plaintiffs, offered in evidence by plaintiffs, was objected to by defendants "for the reasons that the evidence did not show she ever had any title to the land, and no evidence was offered to establish the identity of plaintiffs as the parties named in the will, which said first objection was by the court sustained," and duly excepted to by the plaintiffs.

This, as the record shows, was all the evidence offered on behalf of the plaintiffs; whereupon the court, at the instance of defendants, gave an instruction in the nature of a demurrer to the evidence in the form following:

"The court instructs the jury that it devolves upon the plaintiffs to make out their case, and that they had failed to do it, and, therefore, the court directs the jury to find a verdict in favor of the defendants."

To the giving of which plaintiffs objected, for the reason that the pleadings admitted the conveyances, transfers, and chain of title set forth in the excluded deeds, and that the only defence thereto averred was the infancy of said Jas. H. Chapman, when he executed the deed to his brother, Wm. Chapman, and his subsequent disaffirmance of the same, and that that issue was fairly joined without the excluded deeds, and ought to be submitted to the jury. To this action of the court the plaintiffs duly excepted and thereupon took a non-suit, with leave to move to set the same aside, and after an unsuccessful motion to that effect, duly excepted to, bring the case here by writ of error.

The reasons assigned in the motion to set aside the non-suit are: (1) The court erred in excluding the records of deeds offered in evidence; (2) the court erred in excluding the will of Lucy B. Russell, and (3) the court erred in giving the instruction in the nature of a demurrer to the evidence, when the answers of defendants admitted the deeds and chain of title as set out in said deeds, the same not being controverted in the replies, but specifically admitted, so that it was not necessary to make record proof of these admitted facts. Similar views are here pressed upon our attention by plaintiffs in error for a reversal of the judgment below.

On the contrary, the defendants in error insist (1) that, under the pleadings, the *onus probandi* was still upon the plaintiffs; (2) that the records of the deeds were properly excluded, the originals not having been properly accounted for, and (3) the defendants also here insist that the "certified copy of the last will and testament of Lucy B. Russell" was properly excluded by the court "because it was not made competent by the statutes," referring to sections 3989 and 3990, Revised Statutes, 1879. The questions thus presented, it will be perceived, are questions of pleading, evidence, and practice.

It is insisted for plaintiffs: (1) That, under the pleadings in the cause, the only point remaining on which the *onus probandi* rested upon them was the duty of showing a transfer of the title in question from said Lucy B. Russell to plaintiffs by some means known to the law, that the answers of the defendants, properly construed and taken together, admit the possession of defendant, Glasser, the common source of title in Chapman, and the transfer of that title to said Lucy B. Russell; and that plaintiffs' said offer in evidence of said certified copy of the last will and testament of said Lucy B. Russell, devising the real estate in suit to the plaintiffs, entitled them to recovery, unless the defendants estab-

lished the infancy of said Chapman at the date of his first conveyance, and his subsequent disaffirmance thereof, as claimed by them, in some way known to the law, and that the proof thereof devolved on the defendants; and (2) it is further asserted by plaintiffs that in this court defendants will be restricted to the specific objection to the admissibility of the will in question, made and passed upon in the court below, and will not here be heard to urge any other objection not so made and passed on in the trial court.

These contentions are controverted by the defendants in error. If the plaintiffs' construction of the pleadings is correct, and we think it is, and so hold, then it was not incumbent on them to offer the excluded records of the deeds in question or their originals, as seems to have been held by the trial court. While the plaintiffs might, if they chose, introduce said evidence, it is clear, we think, that the records were not admissible without first accounting for the originals, as required by statute and ruled by the court below. R. S., 1879, sec. 697. Plaintiffs, it is true, cite some authorities to the contrary, but the language of the statute and the weight of our adjudications on the question is in harmony with what is here said.

Upon the objection made in the trial court to the admissibility of the paper called, in the record, a certified copy of the will in question, it must be assumed for the purpose of the objection that the document is formal and otherwise competent. The paper is not set out at length, in the record, so that we can see just what it was, and whether it conformed to the requirements of the statute in that regard, nor is it necessary so to have done for the purpose of this case. Copies of the record of deeds and wills, as we all know, are frequently, though inaccurately, in common parlance, and even in legal circles, called and spoken of as copies of the deed or will, as the case may be. The objection made below and

sustained by the trial court, as we have seen, was to the effect that the evidence did not show that the testatrix ever had any title to the land in question.

This, as we have already seen, was an erroneous view of the pleadings, and the evidence in that regard and the ruling based thereon, was manifest error. It is here attempted to justify the ruling of the court below in this regard, on the ground that a certified copy of a will is not in terms made evidence by the statute regulating that question, and in support thereof reference is had to sections 3989 and 3990, Revised Statutes, 1879. Without discussing that question, it is sufficient here to say that no such objection or question was made or passed on in the trial court, and for that reason it is not now before us for review. If the defendants had specified in the court below the objection here sought to be raised, the plaintiffs might possibly have had it in their power to obviate the objection and remedy the defect, if one existed. It is but fair to the opposing party, the trial court, and the cause of justice, that parties in their objections to the admissibility of evidence at the trial should specify with reasonable certainty the nature of their objections, so that it may be seen just what was decided by the trial court. And the uniform practice in this court, in such cases, is to limit the parties to the objection thus made and ruled on below.

For these reasons, the judgment of the circuit court, in refusing to set aside the non-suit, is reversed and the cause remanded, in which all the judges concur.