BODLE v. SHOENFELT *et al.*

No. 859, Ind. T.   Opinion Filed Sept. 11, 1908.

(97 Pac. 556.)

**INDIANS—Creeks—Descent and Distribution—Rights of Noncitizen Husband.** Under the laws of descent and distribution of the Creek Nation in force in said Nation on the —— day of February, 1902, an intermarried noncitizen husband of a citizen of the Creek Nation, who on said date died intestate, leaving brothers and sisters, but no father, or mother, or children, is entitled to an undivided one-half of the allotted lands of his deceased wife, and, with the other heirs, is entitled to the possession thereof until such time as such lands are distributed according to law.

(Syllabus by the court.)

*Appeal from the United States Court for the Western District of the Indian Territory, at Muskogee; William R. Lawrence, Judge.*

Action by Ollie Bodle against J. Blair Shoenfelt and others. Judgment for defendants. Plaintiff appeals. Reversed.

*H. E. P. Stanford,* for appellant.
*Charles Wheeler,* for appellees.

KANE, J. This was an injunction suit, commenced by the appellant, a noncitizen of the Creek Nation, against J. Blair Shoenfelt, Indian agent at Muskogee, for the purpose of restraining him from interfering with his right to possession of certain lands situated in the Creek Nation. Lizzie Adams, the allottee of the land in question, a Creek citizen, was married to the appellant prior to the allotment, and a child was born of the marriage, who afterwards died. In February, 1902, Mrs. Bodle died intestate, at which time she and her husband, the appellant herein, were in quiet and peaceable possession of the land. At the time of the death of the allottee, patent had not been issued; but it was afterwards issued to the "heirs of Lizzie Adams, deceased." After the death of his wife, Ollie Bodle continued to live upon the land. Thereafter the citizen heirs, brothers and sisters of the deceased, made complaint to the United States Indian agent at Muskogee, J. Blair Shoenfelt, praying that they be placed in possession of the land as such heirs, and that Ollie Bodle, the husband of the deceased allottee, be dispossessed. Upon this complaint a hearing was had before the Indian agent at Muskogee, and an order was made to place the citizen heirs in possession of the land to the exclusion of the noncitizen husband. Thereupon the husband, Ollie Bodle, filed his petition in the United States Court for the Western District of the Indian Territory, asking that a restraining order be issued directed to said J. Blair Shoenfelt, United States Indian agent, restraining him, his agents, and employes, from interfering with the right of possession of the said Ollie Bodle. Upon the hearing a temporary restraining order was issued, and about a year thereafter the citizen heirs filed their petition to be made parties defendant, which petition was duly granted by the court. Thereupon a motion to dissolve the temporary injunction was filed by the citizen heirs. Upon hearing had the motion was sustained, and the temporary order of injunction was dissolved

From this order the petitioner, Ollie Bodle, appealed to the Court of Appeals, for the Indian Territory, and the case is now in this court under the terms of the enabling act and the Schedule to the Constitution.

For authority to act in this matter, the appellee, no doubt looked to section 19 of the Creek Supplemental Agreement, which provides that the Indian agent shall have authority to place the heirs of an allottee in possession of land inherited by him, and the court below must have predicated its decree dissolving the temporary injunction upon the theory that the intermarried noncitizen husband of the intestate had no inheritable interest in the allotment of his deceased wife under the laws of descent and distribution in force in the Creek Nation at the time of her death. This court, in *De Graffenreid v. Iowa Land & Trust Co.,* 20 Okla. 687, 95 Pac. 624, has disproved that theory. The De Graffenreid Case *supra,* holds that:

"Where a citizen of the Creek Nation, by Commission to the Five Civilized Tribes duly enrolled as a creek freedman, who, on April 22, 1899, selected her allotment upon the public domain of said nation, and received her certificate of allotment therefor, describing the lands, and on June 7, 1902, died, before patent issued, a patent afterwards issued to the heirs of such person, without naming them, vested in said heirs the title to the lands therein described; said heirs to be determined by judicial construction."

And further holds that:

"Upon descent cast by such Creek freedman on June 7, 1902, intestate, without child or the issue of child or children her surviving, leaving her surviving an intermarried noncitizen father, an intermarried noncitizen husband, a mother, three sisters, and a brother all citizens of the Creek Nation, her mother, as her 'nearest relation,' is entitled to inherit an undivided one-half interest in her allotment, under section 6 of the laws of descent and distribution of the Creek Nation (Act March 1, 1901, c 676, 31 Stat. 863), and the intermarried noncitizen husband of the intestate the remaining undivided one-half interest therein, under chapter 10, § 8, Comp. Laws Creek Nation 1900, in force in the Creek Nation at the time of her descent cast, construed with article 3, § 1, of said Compiled Laws."

There is practically no difference in principle or in fact between the De Graffenreid Case and the case at bar, except that in the case at bar the allottee left brothers and sisters, but no mother or father, or children born of her marriage with her noncitizen husband. Section 8 of the Creek laws of descent and distribution provides that:

"The lawful or acknowledged wife of a deceased husband shall be entitled to one-half of the estate, if there are no other heirs, and an heir's part if there should be other heirs ·in all cases where there is no will. The husband surviving shall inherit of a deceased wife in like manner."

The De Graffenreid Case, *supra*, holds that:

"The word 'heirs,' in section 8 of the Creek laws of descent and distribution, as set forth in Perryman's Digest of 1900, is construed to mean children."

Applying the construction of the Creek laws of descent and distribution, laid down in the De Graffenreid Case, to the facts in this case, it follows that the noncitizen husband, there being no heirs as above defined, would be entitled to an undivided one-half of the land involved in this case. This being so, he, with the other heirs, is entitled to possession of the land until the estate is distributed according to law, and the Indian agent had no authority to interfere with such possession. ·This suit was brought for the sole purpose of enjoining interference by the Indian agent with the possessory right of the appellant pending distribution.

Believing he is entitled to such relief, the decree of the court below dissolving the temporary injunction is reversed and it is ordered that a decree be entered protecting the possessory right of the appellant to the land herein involved until such estate is distributed in the manner prescribed by law.

All the Justices concur.