## BILBY v. BROWN et al.

No. 2017.   Opinion Filed August 20, 1912.

Rehearing Denied October 8, 1912.

(126 Pac. 1024.)

**INDIANS—Lands—Inheritance.** An enrolled Creek freedman woman died August 1, 1901, leaving two children by a former marriage, who were citizens of the Creek Nation, and a husband, who was a noncitizen. Prior to her death she selected an allotment, and subsequent to her death a deed was issued for this allotment to her heirs. **Held**, that under section 28 of the Original Creek Treaty (Act March 1, 1901, 31 Stat. at L. c. 676, p. 861) and the Creek law of descent and distribution, the land descended to her husband and two children, share and share alike.

(Syllabus by Ames, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Actions by the Iowa Land & Trust Company against Beulah Brown and another and by John S. Bilby against Ada Brown and the Iowa Land & Trust Company for partition. The actions were consolidated for trial. From the judgment, Bilby brings error. Affirmed.

*John R. Thomas* and *Grant Foreman,* for plaintiff in error.

*Charles F. Runyan,* for defendants in error.

Opinion by AMES, C.   Alice Shields in her lifetime was an enrolled freedman citizen of the Creek Nation. Prior to her enrollment she was legally married to John Shields, a citizen of the United States and a noncitizen of the Creek Nation. She had two children by a former husband, Beulah Brown (now Beulah Brown Foster) and Ada Brown. After her enrollment she selected the land involved as her allotment, and on the 1st day of August, 1901, died, leaving her husband and these two children by a former marriage as her heirs. Both of these children were enrolled freedman Creek citizens. On April 23, 1904, a

deed was executed by the Principal Chief of the Creek Nation to the heirs of Alice Shields, and delivered on the 8th day of February, 1905. In March, 1907, Beulah Brown Foster and her husband conveyed by warranty deed an undivided one-half interest in the land to John R. Thomas and Grant Foreman, who subsequently conveyed this interest to John S. Bilby. The Iowa Land & Trust Company, by conveyance from John Shields, became the owner of an undivided one-third interest in the land. The court below held that the husband and two children of Alice Shields inherited the land, each taking a one-third interest. This judgment of the trial court was correct under the following decisions of this court: *De Graffenreid v. Iowa Land & Trust Co.,* 20 Okla. 687, 95 Pac. 624; *Sanders v. Sanders,* 28 Okla. 59, 117 Pac. 338; *Hooks v. Kennard,* 28 Okla. 457, 114 Pac. 744; *Barnett v. Way,* 29 Okla. 780, 119 Pac. 418; *Divine v. Harmon,* 30 Okla. 820, 121 Pac. 219; *Morley v. Fewel,* 32 Okla. 452, 122 Pac. 700.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.