## FISH v. SIMS.

No. 3457. Opinion Filed June 23, 1914.

Rehearing Denied July 15, 1914.

(141 Pac. 980.)

1. **EVIDENCE—Admissions by Pleading.** Where a defendant to an action admits in his pleadings that the lands in controversy were allotted to Mekey Bruner and Losanna Bruner, and that he claims title through said allottees, it is not necessary for the plaintiff to prove such admitted facts.

2. **QUIETING TITLE—Evidence—Sufficiency.** Evidence examined, and held that there is sufficient evidence in the record, if true, to establish title to said lands in Eliza Fish.

3. **TRIAL—Demurrer to Evidence.** In an equitable suit, tried to the court without a jury, where there is any evidence introduced at the trial of a cause, coupled with admissions in the pleadings, which reasonably tends to establish the allegations of plaintiff's petition, it is error for the court to sustain a demurrer to such evidence.

4. **APPEAL AND ERROR—Case-Made—Service—Evidence.** Where the case-made does not affirmatively show that the same was served upon the defendant in error or his attorneys within the time allowed, the fact of service of such case-made may be shown by extrinsic evidence.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by Eliza Fish against B. O. Sims. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Lewis C. Lawson,* for plaintiff in error.

*Warren & Miller,* for defendant in error.

Opinion by RITTENHOUSE, C. This action was brought to quiet title to the N. E. ¼ of the N. E. ¼ of section 16, and also the S. E. ¼ of section 9, the S. ½ of the N. E. ¼ and the N. E. ¼ of the N. E. ¼ of section 9, all in township 9 north, range 11 east, and also known as the allotments of Mekey Bruner and Losanna Bruner, both deceased. The plaintiff, Eliza Fish,

.alleges that she is the owner of said land by inheritance from Mekey Bruner and Losanna Bruner and in possession of the same. The defendant, B. O. Sims, denies generally all the allegations of plaintiff's petition, and alleges that he is the owner and in possession of the above described lands, the same being the allotments of Mekey Bruner and Losanna Bruner, and that he derives his title to said lands through the lawful heirs of Mekey Bruner and Losanna Bruner, deceased. Both parties admit that Mekey Bruner and Losanna Bruner were the allottees of said lands and both claim title through the said Mekey Bruner and Losanna Bruner.

The defendant having admitted in his answer that the lands described in plaintiff's petition were the allotments of Mekey and Losanna Bruner, it was not necessary, therefore, for the plaintiff to introduce any evidence in support of her allegation that Mekey Bruner and Losanna Bruner were the allottees of said lands; this fact having been admitted by the answer. *Rogers v. Brown,* 15 Okla. 524, 86 Pac. 443; *Pugh v. Stigler,* 21 Okla. 854, 97 Pac. 566; *Oklahoma Moline Plow Co. v. Smith,* 41 Okla. 498, 139 Pac. 285; *Russell v. Glasser,* 93 Mo. 353, 6 S. W. 352; 31 Cyc. 678. The same rule applies where the answer contains a general denial, and the admission is made in an allegation for affirmative relief. *Barnum et al. v. Kennedy,* 21 Kan. 182; *Derby & Day v. Gallup,* 5 Minn. 119 (Gil. 85); *Curl v. Watson,* 25 Iowa, 35, 95 Am. Dec. 763; *School Dist. 11, Dakota County, Neb., v. Chapman et al.,* 152 Fed. 887, 82 C. C. A. 35; *Hartwell v. Page et al.,* 14 Wis. 49; *Paul v. Carver,* 24 Pa. 207, 64 Am. Dec. 649; *Cunningham & Patchen v. Delohery Hat Co.* (Conn.) 74 Atl. 881; *Gale v. Shillock,* 4 Dak. 182, 29 N. W. 661. See, also, *Adkins v. Arnold,* 32 Okla. 167, 121 Pac. 186; *Chambers v. Kirk et al.,* 41 Okla. 696, 139 Pac. 986.

The next question to be determined is whether there is any evidence showing that Eliza Fish was an heir of Mekey Bruner and Losanna Bruner, deceased. The records show that Pahas Yahola and Holhoka were brother and sister; that their parents were dead; that Pahas Yahola and Piggie were husband and

wife, and had two children, Mopehoyee, who died without issue, and Mekey Bruner; that Mekey Bruner had one child named Losanna Bruner, and the lands involved in this action were the allotments of Mekey Bruner and Losanna Bruner; that Losanna Bruner died without issue, and in March, 1902, her mother, Mekey Bruner, died without other heir than the plaintiff; that Holhoka had three children, Nagie, Scochka, and a little boy; Nagie and the little boy died without issue, leaving Scochka as the only heir of Holhoka; Scochka had two children, Eliza Fish and Sunny; Scochka and Sunny died before Mekey Bruner, as did also Pahaş Yahola, Piggie, and Holhoka, and under the evidence submitted to the court, if true, Eliza Fish would be the only surviving legal heir of Mekey Bruner and Losanna Bruner, deceased. *Hooks v. Kennard,* 28 Okla. 457, 114 Pac. 744; *Barnett et al. v. Way et al.,* 29 Okla. 780, 119 Pac. 418; *Divine v. Harmon,* 30 Okla. 820, 121 Pac. 219; *Bilby v. Brown,* 34 Okla. 738, 126 Pac. 1024.

This is an equitable suit to quiet title to the lands hereinbefore described, and the cause was tried to the court without a jury. The plaintiff and defendant each admits that he obtained his title to the lands in controversy through Mekey Bruner and Losanna Bruner, and that the said lands were the allotments of the said Mekey Bruner and Losanna Bruner. It is further admitted that the defendant claims title to said lands by deed dated February 16, 1911, which deed was recorded on the same day, and the uncontradicted evidence shows that the plaintiff, Eliza Fish, is the only surviving heir of said allottees and in possession of said allotments. After this evidence was introduced the defendant demurred to such evidence, which demurrer was sustained by the court, and judgment rendered against the plaintiff for costs. This ruling of the court was error, as there was sufficient evidence introduced, coupled with the admissions contained in the pleading, to make a *prima facie* case. This court has held that, where a case is tried without a jury, the court may, if the facts warrant, sustain or overrule a demurrer to the evidence, and that such action by the court must be tested by

the same rule that obtains in jury cases, unless it affirmatively appears that the court, after ruling on the demurrer, weighed all the evidence as upon final submission and rendered judgment upon the merits. In this action, the judgment is not upon the merits, but predicated upon the action of the court in sustaining the demurrer to the evidence. *Lyon v. Lyon,* 39 Okla. 111, 134 Pac. 650. See, also, *Wm. Cameron v. Henderson,* 40 Okla. 648, 140 Pac. 405; *Porter v. Wilson,* 39 Okla. 500, 135 Pac. 732; *Crow v. Crow,* 40 Okla. 455, 139 Pac. 122; *Cole v. M., K. & O. R. Co.,* 20 Okla. 227, 94 Pac. 540, 15 L. R. A. (N. S.) 268; *M., K. & T. Ry. Co. v. Walker,* 27 Okla. 851, 113 Pac. 907; *Wicker v. Dennis,* 30 Okla. 542, 119 Pac. 1132; *St. L. & S. F. R. Co. v. Dale,* 36 Okla. 118, 128 Pac. 137; *Ziska v. Ziska,* 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1; *Shawnee Lt. & Power Co. v. Sears,* 21 Okla. 19, 95 Pac. 449; *Conklin v. Yates,* 16 Okla. 266, 83 Pac. 910; *Edmisson v. Drumm-Flato Com. Co.,* 13 Okla. 440, 73 Pac. 958.

The case-made does not affirmatively show that the same was served upon the defendant in error, but there is attached to the petition in error an affidavit, showing that the case-made was served upon the attorneys for the defendant in error within due time. This brings the question within the case of *Pioneer Telephone & Telegraph Co. v. Davis,* 26 Okla. 205, 109 Pac. 299, wherein it is held by this court:

"* * * Besides, there is on file in this court an affidavit of the attorney who prepared the case-made, to the effect that the case-made was duly served on the attorney for the defendant in error, who kept the same several days and returned it to affiant, saying that he had no amendments to suggest to it, and signed the stipulation set out in full above; that said case-made was served upon counsel for defendant in error within the time allowed by the order of the court, and it was agreed that the case-made should be sent to the judge who tried the case below, at his home in Mangum, which was done, all of which was within 100 days from the date of the final order in said case. In *Jones et al. v. Kellogg,* 51 Kan. 263, 33 Pac. 997, 37 Am. St. Rep. 278, it was held: 'Where a case has been brought to the Supreme Court upon a case-made and not upon a transcript, the rulings of the lower court or of the judge thereof, complained of

and assigned for error, must be shown by and embodied in the case-made itself, and they cannot be shown by any other or by extrinsic evidence, but other matters or things to make the case reviewable may generally be shown· by extrinsic evidence, or, in other words, by evidence outside of the case-made; and therefore, where it seemed from the face of the case-made that the case was not made and served within the time prescribed by law, or by any' order of the lower court or the judge thereof, held, that it may be shown that the case was in fact made and served within the proper time by a duly certified transcript of an order of the judge of the district court showing that the time for making and serving the case had been extended by the judge.' See, also, *Russell v. Anthony,* 21 Kan. 450, 30 Am. Rep. 436; *Farlin v. Sook,* 26 Kan. 397; *Dunn v. Travis,* 45 Kan. 541, 26 Pac. 247."

We conclude, therefore, that the court erred in sustaining the demurrer to the evidence, and the cause should be reversed and remanded for a new trial.

By the Court:  It is so ordered.