## SALMON et al. v. JOHNSON et al.

No. 9717—Opinion Filed April 6, 1920.

Rehearing Denied May 4, 1920.

(Syllabus by the Court.)

1. **Indians — Inherited Lands — Partition — Jurisdiction.**

On July 6, 1909, the district courts of this state had jurisdiction of an action to partition inherited lands of mixed-blood Indians, including minors, and were authorized to decree a sale of such lands if found to be incapable of partition by the commissioners appointed by said courts.

2. **Statutes—Construction—Subsequent Enactments.**

Subsequent congressional legislation may be considered as an aid to the interpretation of prior legislation upon the same subject.

3. **Appeal and Error—Review—Findings—Evidence.**

The findings of the trial court upon a question of fact will not be disturbed by this court where the same are not clearly against the weight of the evidence.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Miley Johnson and another against Seth Salmon and another. From the judgment, defendants bring error, and plaintiff Johnson also brings error. Reversed, with directions.

Belford & Hiatt and Chas. F. Runyan, for plaintiffs in error.

James M. Hays, for defendants in error.

W. W. Wood and L. L. Cowley, amici curiae.

RAINEY, J. August Deer, a freedman citizen of the Creek Nation, died in August, 1901, leaving as his sole and only heirs at law Sophia Deer, Elizabeth Deer, now Elizabeth Deer Smith, and Charles Deer, each of whom inherited an undivided one-third interest in his allotment. Thereafter Charles Deer, who was a minor, died intestate, leaving as his sole heirs Elizabeth Deer Smith and Miley Johnson, who jointly inherited the undivided one-third interest that he inherited from the said August Deer. Subsequent to the death of August Deer, Sophia Deer conveyed her undivided one-third interest in the land to A. E. Fish. Thereafter Fish filed in the district court of Okmulgee county an action in partition against Miley Johnson and Elizabeth Deer, who was then a minor, and her guardian. Before this case proceeded to judgment Elizabeth Deer, by her guardian, John J. Jefferson, filed a partition proceeding in said court against Fish and Miley Johnson in which they asked the partition of said land. These two causes were consolidated, and on July 6, 1909, a decree was entered finding the interest of said parties as above set forth, and appointing commissioners to make partition. Said decree further provided that if the lands were found to be incapable of partition, that the same be appraised and sold, as provided by law. The commissioners found that the land was incapable of partition, and it was sold, the sale confirmed, and the sheriff's deed executed to A. E. Fish, who became the purchaser at said sale. Thereafter Fish died, and his heirs conveyed the land to Seth Salmon.

The instant action was filed by Elizabeth Deer Smith and Miley Johnson, as plaintiffs, against Seth Salmon, to partition said lands. The cause proceeded to judgment, the court holding that Elizabeth Deer Smith and Seth Salmon each owned an undivided one-half interest therein, and decreeing that said lands be partitioned accordingly. The court also held that the claim of Miley Johnson was barred by the statute of limitations. From the decree in favor of Elizabeth Deer Smith, Salmon and his tenant, J. C. Naton, have appealed, and Miley Johnson has appealed from the decree against her.

The first question presented is whether the district court of Okmulgee county had jurisdiction on July 6, 1909, to render the decree of partition in the consolidated partition action. Miley Johnson and Elizabeth Deer Smith are each Creek Indians of one-fourth Indian blood, and on the date of said decree the former was an adult and the latter was a minor. The question thus presented has already been decided by this court in Griffin v. Culp, 68 Oklahoma, 174 Pac. 495, wherein we held that the district courts of this state had jurisdiction of a partition suit where such lands descended to the heirs free

of restrictions. In that case, as in this, the land was found to be incapable of partition and was sold under a decree of the court, and some of the heirs in that case were minors, as is Elizabeth Deer Smith in this. There it was also contended, as here, that the case of Coleman v. Battiest, 65 Okla. homa, 162 Pac. 786, was authority for the contention that the district courts did not have jurisdiction of the partition proceedings, but the cases were distinguished, for the reason that in Coleman v. Battiest the parties were full-blood Indian heirs of a deceased full-blood Choctaw Indian. Under section 9 of the act of Congress of May 27, 1908 (35 Stat. L. 312), which provided that the death of an allottee of any of the Five Civilized Tribes operated to remove all restrictions on said allottee's land, it was further provided that no conveyance of any interest of any full-blood Indian heir would be valid until approved by the court having jurisdiction of the settlement of the estate of the deceased allottee. The act thus specifically provided how the interest of full-blood Indian heirs might be conveyed, but there was no such qualification as to mixed-blood Indian heirs. All doubt as to the jurisdiction of the district courts of this state of a partition proceeding between less than full-blood Indian heirs, including minors, is removed, we think, by the act of Congress of June 14, 1918 (40 Stat. L. ___), sec. 2 of which is as follows:

"The lands of full-blood members of any of the Five Civilized Tribes are hereby made subject to the laws of the state of Oklahoma, providing for the partition of real estate. Any land allotted in such proceedings to a full-blood Indian, or conveyed to him upon his election to take the same at the appraisement, shall remain subject to all restrictions upon alienation and taxation obtaining prior to such partition. In case of a sale under any decree, or partition, the conveyance thereunder shall operate to relieve the land described of all restrictions of every character."

The purpose of this provision was to confer upon the district courts of the state jurisdiction to partition inherited lands between the full-blood members of the tribes, and, as no exceptions are made, it includes minors as well as adults. This act does not purport to confer jurisdiction on the said courts to partition the inherited lands of heirs other than Indians of the full-blood, which clearly implies that Congress was of the opinion that said courts already had such jurisdiction.

Under previous federal enactments the district courts of the state have exercised jurisdiction over the persons and property of citizens of the Five Civilized Tribes. State ex rel. v. Huser, 76 Okla. 130, 184 Pac. 113. And whilst minority is, in a sense, a federal restriction, it is a personal restriction. Chupco v. Chapman, 76 Okla. 201, 170 Pac. 259, and Rogers et al. v. Rogers et al. (decided October 15, 1919, by Judge Williams, United States Judge for the Eastern District of Oklahoma, not yet officially reported). In the absence of any positive prohibition in any of the acts of Congress relating to such inherited lands, the jurisdiction of district courts in partition proceedings depends upon the congressional intent. This intent is evidenced by the subsequent legislation of June 14, 1918, supra, which may be considered as an aid in the interpretation of prior legislation upon the same subject. Board of Commissioners of Creek County et al. v. Alexander, 58 Okla. 128, 159 Pac. 311; Marchie Tiger v. Western Investment Co. et al., 221 U. S. 309, 55 L. Ed. 738; Board of Equalization of Oklahoma County v. First State Bank (No. 10512, decided March 9, 1920), 78 Okal. 291; Grayson et al. v. Thompson et al., 77 Okla. 77, 186 Pac. 236. If the district courts of this state did not have jurisdiction of such partition proceedings prior to the passage of said act, they do not have such jurisdiction at this time. To so hold would mean that said courts could partition, and sell where partition was impracticable, the lands inherited by full-blood Indians, including minors, and that such courts could not partition said lands where the heirs, or some of them, are other than full-blood Indians. This would certainly be a very strained construction and one that ought not to be adopted if by fair interpretation it can be obviated.

Since we have concluded that the district courts had jurisdiction of the partition proceedings, it is unnecessary for us to pass on plaintiffs in error's contention that defendants in error's action was barred by the statute of limitations.

Defendants in error, in their cross-appeal, contend that although they were nominal parties to the partition proceedings in which their interests in the lands were sold, yet they, in fact, were not parties, since they never authorized anyone to appear in said action and file any pleadings for them. There is positive evidence in the record by the attorney who appeared for them that he was employed by each of them, and that he did appear and represent them as shown by the record. The trial court found against the contention of defendants in error on this issue, and we cannot say that such finding is clearly against the weight of the evidence.

The claim is also made that plaintiffs did not receive their part of the consideration paid by the purchaser at the judicial sale. It is not contended, however, that said purchaser did not pay the price which he bid. This evidence was not pertinent to any issue in the case. If, in fact, plaintiffs did not receive their part of the purchase price, there is nothing in the record to show whether the sheriff, clerk, or their attorney was responsible therefor, and it is clear that they have a remedy in a proper action if any wrong has been done them in this respect, but it is not a matter that affects the jurisdiction of the court in the partition proceedings.

For the reasons stated, this cause is reversed, with directions to the trial court to render judgment for defendants.

OWEN, C. J., and KANE, PITCHFORD, and JOHNSON, JJ., concur.