## McMURROUGH v. ALBERTY.

No. 12244—Opinion Filed Feb. 27, 1923.

Rehearing Denied May 22, 1923.

(Syllabus.)

**1. Quieting Title — Burden of Proof on Plaintiff.**

In statutory actions to quiet title, where the plaintiff alleges he is in possession of the land, the burden of proof is upon him not only to prove his title, but that he is in possession thereof. The general rule in such cases is that the plaintiff must recover, if at all, on the strength of his own title, and not on the weakness of his adversary's claim.

## 2. Trial—Demurrer to Evidence — Trial to Court.

We have no express statutory provisions for a demurrer to the evidence in cases tried to the court without a jury, but it is a practice long recognized in Kansas and in this jurisdiction, and where such practice is followed, we know of no good reason why a demurrer should not perform the same office as it does in jury trials.

## 3. Same—Question of Law.

A demurrer to the evidence presents for consideration only questions of law.

## 4. Trial—Statement of Counsel—Effect to Supply Proof.

In this jurisdiction, where causes are tried upon formal written pleadings, it is only where the so-called statement of counsel is distinct and formal and made for the purpose of dispensing with formal proof of some fact at the trial that it may be looked to to supply proof of a fact material to the plaintiff's cause of action.

## 5. Quieting Title — Judgment for Plaintiff —Reversal.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with direction to grant a new trial in conformity with the view herein expressed.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Clara Alberty against Ruth McMurrough to quiet title. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Cheatham & Beaver and J. D. Johnson, for plaintiff in error.

John C. Graves, Jess W. Watts, and Chas. G. Watts, for defendant in error.

KANE, J. This was an action to quiet title to a certain tract of land commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The petition of the plaintiff was in the short statutory form, and alleged in substance that the plaintiff is owner and in possession of the land in controversy; that the defendant claims some right, title, or interest in the land, the exact nature of which is unknown; that each and all of the claims of said defendant are false, fraudulent, and void and a cloud upon the title to said real estate; therefore, the plaintiff prays that the title to said land shall be quieted in her.

The defendant's answer first denies that the plaintiff is either the owner or is in possession of the land; second, that the defendant is the owner of said land or in possession thereof; and further alleges that she derived her title through conveyances by plaintiff and one Deeb Slyman as follows:

(1) By warranty deed made, executed and delivered by plaintiff to Deeb Slyman.

(2) By a warranty deed executed and delivered by Deeb Slyman to said defendant.

Wherefore defendant prays that the plaintiff take nothing in her action and that she have and recover her costs laid out and expended.

The reply of the plaintiff was a verified general denial of every material allegation of new matter set up in defendant's answer.

Thereafter the cause came on for trial upon the issues thus joined, whereupon the question of the burden of proof came on for consideration, the court ruling that the burden of proof was upon the defendant, to which ruling exception was duly saved.

Thereupon the defendant introduced her evidence and rested. Whereupon plaintiff interposed a demurrer to defendant's evidence, which was by the court sustained, to which ruling of the court the defendant duly excepted.

Thereupon the court directed the jury to render a verdict as follows:

"We the jury, empaneled and sworn in the above entitled cause, do upon our oaths find for the plaintiff, and fix the amount of recovery at $200."

Thereupon the court rendered judgment on the verdict in favor of the plaintiff, to reverse which this proceeding in error was commenced.

While counsel for plantiff in error present five grounds for reversal in their assignments of error, we believe they may be all summarized under two heads as follows:

(1) The court erred in holding and compelling the defendant to take and assume the burden of proof in this action.

(2) The court erred in sustaining plaintiff's demurrer to defendant's testimony and directing the jury to find a verdict for the plaintiff at the close of defendant's testimony.

We think both of these assignments of error are well taken. As shown by the brief summary of the petition hereinbefore set out, this is a simple action brought by the plaintiff for the purpose of quieting her title to the land in controversy, she alleging that she was in possession of the land as required by the statute. In order to maintain her action the burden of proof was upon her, not only to prove her title to the land, but that she was in possession thereof. Gerlach Bank v. Allen, 51 Okla. 736, 152 Pac. 399.

The general rule in such cases is that the plaintiff claiming to be in possession must recover, if at all, on the strength of his own title, and not on the weakness of his adversary's claim. Abetya v. Tafoya (N. M.) 192 Pac. 481; Kilfoil v. Warden (Cal.) 189 Pac. 303; Wood v. Long (Cal.) 186 Pac. 415; Rockey v. Vieux (Cal.) 178 Pac. 712; Nyman v. Erickson (Wash.) 170 Pac. 546.

In opposition to the contention made by counsel for defendant, counsel for plaintiff call attention to the case of Wilson v. Moran, 82 Okla. 34, 197 Pac. 1051, which holds:

"The question of the mere order in which proof is introduced at a trial rests very much within the sound discretion of the trial court; and unless it clearly appears that this question has been abused to the injury of the complaining party, a reversal will not be ordered on this ground."

This case states the law correctly, but in the case at bar it is not a question of mere order of proof. The record shows that the defendant was the only party required to offer any evidence, and this, of course, put the burden upon her of establishing the plaintiff's case, if any case was made in her behalf. This was reversible error.

In answer to the second contention, counsel for plaintiff say, in substance, that the case being of equitable cognizance, the demurrer to the evidence was superfluous and performed no real office, and therefore the question should be treated as though the trial court weighed the evidence. In Bailey et al. v. Privett et al, 64 Okla. 56, 166 Pac. 150, this court held that while we have no express statutory provisions for a demurrer to the evidence in cases tried to the court without a jury, it is a practice long recognized in Kansas and in this jurisdiction, and where such practice is followed, we know of no good reason why a demurrer should not perform the same office as it does in jury trials.

Now, it is quite well settled that a demurrer to the evidence presents for consideration only questions of law, and the following is the rule applicable to such cases:

"In an equitable suit, tried to the court without a jury, where there is any evidence introduced at the trial of a cause, coupled with admissions in the pleadings, which reasonably tends to establish the allegations of plaintiff's petition, it is error for the court to sustain a demurrer to such evidence." Fish v. Sims, 42 Okla. 535, 141 Pac. 980.

There is some contention by counsel that certain statements made by counsel for defendant in opening their case supplied certain essential facts which the court considered in sustaining the demurrer to the evidence. We do not think this contention is tenable. In this jurisdiction, where causes are tried upon formal written pleadings, it is only where the so-called statement of counsel is distinct and formal, and made for the purpose of dispensing with formal proof of some fact at the trial, that it may be looked to to supply proof of a fact material to the plaintiff's cause of action. Patterson v. Morgan, 53 Okla. 95, 155 Pac. 694.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial in conformity with the views herein expressed.

JOHNSON, V. C. J., and KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.