**CHILDERS v. SAMUELS et al.**

No. 13600—Opinion Filed Oct. 28, 1924.

Rehearing Denied Dec. 16. 1924.

(Syllabus.)

**1. Indians—Descent of Creek Allotment—Statute Governing.**

Where a Creek freedman died October 25, 1901, after having selected a part of her allotment. the statute of descent of the Creek Nation governs the descent thereof, under the provisions of section 7 of the Original Creek Agreement.

**2. Same.**

Where a Creek freedman died prior to the issuance allotment certificate, on a part of her allotment such certificate being issued December 23, 1901, the statute of. descent of the Creek Nation governs the descent thereof under the provisions of section. 28 of the Original Creek Agreement.

**3. Same.**

Where such freedman died leaving a non-citizen husband and one citizen child only, each inherited an undivided one-half interest therein.

**4. Same—Partition—Jurisdiction.**

In August, 1913. the district courts of this state had jurisdiction to partition the inherited lands of a Creek freedman where one-half was owned by a grantee of the non-citizen husband and one-half by the minor freedman daughter.

Error from District Court, Rogers County.

Action by Joe H. Childers, Jr., against Isobella Samuels et al. Judgment for defendants, and plaintiff brings error. Reversed with directions.

Geo. C. Crump and W. C. Hall, for plaintiff in error.

A. L. Emery, for defendants in error.

Edgar A. de Meules, J. C. Denton, J. H. Crocker, and R. H. Wills, amici curiae.

WARREN, J. This is an appeal from a judgment of the district court of Rogers county, involving the allotment of Julia Osborne. a Creek freedman, who died October 25, 1901, a part of her allotment having been selected before and a part after her death. Part of her allotment was selected June 21, 1899, under the provisions of the Act of Congress of June 28, 1898, and the remainder was selected December 23, 1901, after the adoption of the Original Creek Agreement. She left a noncitizen husband, James Smith, and Isabella Samuels, a daughter, and Creek freedman enrolled prior to March 4.

James Smith conveyed in a chain of title to J. H. Childers, Jr., an undivided one-half interest in said lands. In August, 1913, the land was partitioned in the district court of Rogers county, one-half to Childers and one-half to Isabella Samuels.

A. L. Emery, an attorney at law, placed of record an attorney's contract on the said lands set aside to Childers, claiming title thereto in Isabella Samuels. Childers brought suit to quiet title to the lands against Emery and Isabella Samuels. After issues were regularly joined an agreed statement of facts was signed as above set out. The judgment of the court quieted the title in the defendants and canceled the conveyances to Childers. Appeal was regularly taken to this court.

There are only two questions to decide in this case, except the noncitizen inheritance under the Creek law, which is not disputed. The first one is whether the Creek or Arkansas statute of descent and distribution governed in this case. The second is whether such lands were subject to partitions in August, 1913.

The first question has been decided by this court frequently and without question or dissent. Sections 7 and 28 of the Original Creek Agreement provide for the descent of the lands allotted both to the living and to the heirs of the dead according to the laws of the Creek Nation. The first case construing these statutes was De Graffenried v. Iowa Land & Trust Co., 20 Okla. 687, 95 Pac. 624. The situation as to the allotment and death in principle was identical, with the part of the present allotment selected before death. As to this particular feature this case has been followed in the cases hereinafter set out. The said proposition has also been decided by the Supreme Court of the United States and is no longer an open question. Reynolds v. Fewell, 59 L. Ed. (U. S.) 465; Woodward v. De Graffenreid, 59 L. Ed. (U. S.) 1311; Bodle v. Shcenfelt. 22 Okla. 94, 97 Pac. 556; Sanders v. Sanders, 28 Okla. 59, 117 Pac. 338; Barnett v. Way, 29 Okla. 780, 119 Pac. 418; Bilby v. Brown, 34 Okla. 738, 126 Pac. 1024.

There is absolutely no distinction between allotments to the living and to the heirs under sections 7 and 28 of the Original Creek Agreement. This next proposition involves the inheritance where the death was prior to the issuance of the allotment certificate. Under the decisions and under the admissions of defendant in error in her brief this inheritance would be governed by the Creek law.

The other proposition has also been decided by this court adversely to the contention

of defendants in error. Salmon v. Johnson, 78 Okla. 182, 189 Pac. 537; Tiger v. Nolen, 78 Okla. 250, 190 Pac. 263; Barnett v. Secrest, 92 Okla. 142, 218 Pac. 677.

In the case of Salmon v. Johnson, there was a petition for writ of certiorari to the Supreme Court of the United States, which was denied October 18, 1920.

There is no contention in this case except as to the law governing the descent. It is conceded if the Creek law governs, the husband and daughter inherited an undivided one-half interest in the allotment.

All questions in issue in this case are therefore completely foreclosed.

The case is reversed, with directions to the district court of Rogers county to render judgment for the plaintiff quieting title to the lands.

McNEILL, C. J., and NICHOLSON, BRANSON, HARRISON, JOHNSON, and GORDON. JJ., concur.