[No. 3432. Oct. 2, 1929.]

RANDALL et al. v. ATCHISON, T. & S. F. RY. CO.

[281 Pac. 479.]

Charles F. Fishback, of Ft. Sumner, for complainants.

W. C. Reid, of Albuquerque, J. M. Hervey, of Roswell, and E. C. Iden, of Albuquerque, for defendant.

### OPINION OF THE COURT

CATRON, J. The railroad company has removed to this court an order of the State Corporation Commission which required said company to "re-establish and maintain an agent at the station of Ricardo," said order to be effected April 1, 1929. The State Corporation Commission, after summarizing the evidence offered at the hearing, in its opinion and order makes the following finding:

"The Commission is of the opinion that the convenience of the patrons of the road at Ricardo and the territory tributary thereto, together with the fact that there would be practcially little increase in the expense, which in all probability would be more than taken care of by the increase in business, justifies the maintenance of an agent at Ricardo and it therefore so finds."

The petition to the State Corporation Commission, the evidence offered at the hearing, and the opinion of the commission present the sole question of the re-establishment of the agency at Ricardo as a public convenience to the stock and sheep men. No question of the need of an agent from an operating standpoint nor for public safety is involved; the order being based upon such public convenience only. We must therefore here determine the reasonableness and justice thereof, not only with respect to the convenience afforded the public, but also with due regard to the increased cost to the company. Seward v. Denver & R. G. R. R. Co., 17 N. M. 557, 141 P. 980, 46 L. R. A. (N. S.) 242; Denton Bros. et al. v. Atchison, T. & S. F. Ry. Co. et al., 34 N. M. 53, 277 P. 34.

The defendant company established a station at Ricardo in 1907, and maintained same to the middle of the year 1928. The country around Ricardo was settled quite rapidly in the years 1906 to 1909, but subsequently the settlers left, and now there are but few people living in the vicinity. The main industry of the district was cattle and sheep raising and the shipping of bear grass. The cattle and sheep industries were for many years practically abandoned in this district, as throughout a great

portion of the state, and the bear grass industry came to an end in 1927, thereby reducing the receipts of defendant company at Ricardo to an insignificant amount. As a result thereof, the agent at Ricardo was withdrawn on July 2, 1928, solely because there was not enough business there to justify the expense of maintaining such agency, but an operator was maintained at said station, who cares for and houses all freight shipments less than carload lots.

That the ruling of the commission will result in additional cost to the company is set forth in the order and opinion, and is undisputed. It is not contended that the volume of business handled at Ricardo since 1927 justifies such increased cost, but it is contended by complainants that the cattle and sheep industry of that locality is now increasing, and, if loading pens and chutes are installed and an agent maintained, those engaged in said industry will be greatly convenienced and said industry will continue to develop, and the railroad company will then increase its freight business and revenue at Ricardo far in excess of the additional cost resulting from the re-establishment of an agent at said point.

The State Corporation Commission seems to have had some such idea in view, as appears by the following portion of its finding:

"* * * Together with the fact that there would be practically little increase in the expense, which in all probability would be more than taken care of by the increase in business,"

And again from its opinion, as follows:

"The testimony of the witnesses for the petitioners showed that if stock pens were available and an agency maintained at Ricardo, that it would be much more convenient and a greater financial saving to ship from Ricardo."

It seems clear from the entire record that the order re-establishing the agency as a matter of convenience to the public is centered solely upon the prospective shipping of cattle and sheep. This, however, as shown by the evidence, cannot be accomplished by the mere re-establishing of an agent, but only by the installation of loading pens and cattle chutes, there being none at Ricardo.

It might well be that a different question would here be presented if Ricardo had the necessary facilities for loading and shipping live stock, but, as conditions now exist, practically all of the evidence is speculative in its nature, depending upon conditions which do not now exist, and therefore has no substantial bearing on the subject-matter of the petition and order and the sole question here for our consideration.

We are here considering only the reasonableness of the present requirements, and we must find from the evidence that the order is unreasonable and unjust.

We must therefore decline enforcement of the order, and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and SIMMS, JJ., concur.