TAYLOR v. GREEN et al.

No. 30497. Oct. 13, 1942.

*129 P. 2d 1013.*

A. N. Boatman, of Okmulgee, and T. L. Blakemore, of Sapulpa, for plaintiff in error.

L. L. Cowley, Cochran & Noble and John L. Norman, all of Okmulgee, and George A. Carlson, John S. Carlson, Martin & Spradling, J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, and J. P. Greve, all of Tulsa, for defendants in error.

OSBORN, J. This action was instituted in the superior court of Okmulgee county by Sammy Taylor, Jr., hereinafter referred to as plaintiff, against W. G. Green and a number of other parties, including the Mid-Continent Petroleum Corporation, hereinafter referred to as defendants. Plaintiff sought to recover an undivided interest in certain real property situated in Okmulgee county and an accounting for oil and gas theretofore taken from the premises. Various defendants lodged demurrers to plaintiff's petition. Said demurrers were sustained by the trial court, plaintiff's cause of action was dismissed, and an appeal was perfected to this court.

Plaintiff alleged that he was the owner of an undivided one-fourth interest in certain lands which had been allotted to Abraham Taylor, an enrolled member of the Creek Tribe of Indians of the full blood; that Abraham Taylor died intestate on June 9, 1901, leaving as his sole heirs his wife, Lilia Taylor, a citizen of the Creek Nation of the one-fourth blood, and a son, Sammy Taylor, who was enrolled as a Creek citizen of five-eights Indian blood; that said Sammy Taylor was born in the month of September, 1899, and died on October 15, 1918, intestate, seized and possessed

of an undivided one-half interest in the land involved herein, leaving surviving as his sole heirs his wife, Inez Taylor, now Frazier, and the plaintiff, Sammy Taylor, Jr., an enrolled Creek Indian of five-sixteenths Indian blood.

It was further alleged that subsequent to the death of the allottee, Abraham Taylor, on Wright G. Thornburg, purchased the interest of Lilia Taylor in the land involved herein and instituted a partition proceeding in the district court of Okmulgee county against Sammy Taylor (Sr.), the father of plaintiff, during his minority; that pursuant to a decree of partition entered in said proceeding, a sheriff's deed to the undivided one-half interest of Sammy Taylor (Sr.) in the premises was executed and delivered to the said Thornburg on January 25, 1909.

The sole ground upon which the plaintiff herein seeks recovery of an interest in the premises is that the district court of Okmulgee county was without jurisdiction to entertain the partition proceeding, and therefore the sheriff's deed executed pursuant to said proceeding was null and void and conveyed no interest whatsoever in the premises to Thornburg, through whom the defendants herein claim title.

In the case of Salmon v. Johnson, 78 Okla. 182, 189 P. 537, cert. den. 254 U. S. 641, 65 L. Ed. 452, 41 S. Ct. 13, it was held:

"On July 6, 1909, the district courts of this state had jurisdiction of an action to partition inherited lands of mixed-blood Indians, including minors, and were authorized to decree a sale of such lands if found to be incapable of partition by the commissioners appointed by said court."

We quote further from the body of the opinion:

" . . . All doubt as to the jurisdiction of the district courts of this state of a partition proceeding between less than full-blood Indian heirs, including minors, is removed, we think, by the Act of Congress on June 14, 1918 (40 Stat. L. 606), sec. 2 of which . . . is as follows:

" 'The lands of full-blood members of any of the Five Civilized Tribes are hereby made subject to the laws of the state of Oklahoma, providing for the partition of real estate. Any land allotted in such proceedings to a full-blood Indian, or conveyed to him upon his election to take the same at the appraisement, shall remain subject to all restrictions upon alienation and taxation obtaining prior to such partition. In case of a sale under any decree, or partition, the conveyance thereunder shall operate to relieve the land described of all restrictions of every character.'

"The purpose of this provision was to confer upon the district courts of the state jurisdiction to partition inherited lands between the full-blood members of the tribes, and, as no exceptions are made, it includes minors as well as adults. This act does not purport to confer jurisdiction on the said courts to partition the inherited lands of heirs other than Indians of the full-blood, which clearly implies that Congress was of the opinion that said courts already had such jurisdiction.

" . . . If the district courts of this state did not have jurisdiction of such partition proceedings prior to the passage of said act, they do not have such jurisdiction at this time. To so hold would mean that said courts could partition, and sell where partition was impracticable, the lands inherited by full-blood Indians, including minors, and that such courts could not partition said lands where the heirs, or some of them, are other than full-blood Indians. This would certainly be a very strained construction and one that ought not to be adopted if by fair interpretation it can be obviated."

We do not find that this court has departed from the rule announced in the above case, but the rule was approved and applied in the cases of Tiger v. Nolen, 78 Okla. 250, 190 P. 263; Barnett v. Secrest, 92 Okla. 142, 218 P. 677; Childers v. Samuels, 107 Okla. 169, 232 P. 103; and more recently by the Circuit Court of Appeals, 10th Circuit, in United States v. Watashe, 117 F. 2d 947.

We are referred to the recent case of Hardesty v. Gordon, 189 Okla. 677, 119 P. 2d 70, where a different question was

involved. In that case the question presented was whether or not the conferring of majority rights upon minor Indian heirs authorized a conveyance of allotted land inherited from a deceased Cherokee allottee. Our conclusion in the instant case is harmonious with the viewpoint of the majority of the court in that case.

We deem the rule announced in the case of Salmon v. Johnson, supra, to be determinative and controlling of the controversy involved herein, and therefore find it unnecessary to consider the various other propositions presented and argued in the briefs.

The judgment is affirmed.

WELCH, C. J., and BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur, CORN, V. C. J., and RILEY, J., absent.